UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JERALD GIPSON,
    DC #B00406                                      Case No. 3:16-cv-236- MMH-MCR
          Plaintiff,

v.

PERRY, et al.
          Defendants.
_____/

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT

Defendants Markham, Fogell and Perry, (Defendants, served Defendants), submit this answer and defenses to Plaintiff's Fifth Amended Complaint, (Doc. 59), and state as follows:

### I.   PLACE OF CONFINEMENT

Admitted.

### II.   EXHAUSTION

Defendants deny.

### III.   PREVIOUS LAWSUITS

     Defendants are without knowledge as to the allegations contained in Section III, and therefore deny, including all subparts.

### IV.   PARTIES

     Defendants admit that Plaintiff is incarcerated at Suwannee Correctional Institution and is attempting to sue Defendants, who were/are employed by the Florida Department of Corrections.

### V.   STATEMENT OF CLAIMS

1.     As to claims 1- 6.     Denied.

.

1

## VI. <u>STATEMENT OF FACTS</u>

1. Admitted that Plaintiff is housed at Suwannee Correctional Institution. Defendants are without knowledge and therefore, deny that Plaintiff was at R.M.C.

2. Admitted that Defendants worked as correctional officers and these Defendants were working as corrections officers and a sergeant. Admitted that Plaintiff is attempting to sue Defendants in their official capacities. Denied that Plaintiff is entitled to do so.

3. Admitted.

4. Defendants Markham and Fogell are without knowledge and therefore, deny. Defendant Perry denies.

5. Defendants Markham and Fogell are without knowledge and therefore, deny. Defendant Perry denies.

6. Defendants Markham and Fogell admit that they conduct showers. Defendants deny the remaining allegations contacted in this paragraph. Defendant Perry denies.

7. Defendants deny.

8. Defendants deny

9. Defendants deny.

10. Defendants Markham and Fogell are without knowledge and therefore, deny. Defendant Perry denies.   Defendants are without knowledge and therefore deny allegations regarding unserved Defendants.

11. Defendants are without knowledge and therefore deny.

12. Defendants deny.

13. Defendants Markham and Fogell are without knowledge and therefore, deny. Defendant Perry denies.   All Defendants are without knowledge and therefore deny allegations regarding unserved Defendants.

14. As to paragraphs, 14, 15, 16, 17, 18, and 19, Defendants are without knowledge and therefore, deny.

.   20. Defendants deny.

21. Defendants deny.

22. Defendants are without knowledge and therefore deny.

23. Defendants are without knowledge and therefore deny.

24. Defendants deny.

25. Defendants deny.

26. Defendants deny.

27  Defendants deny with regard to served Defendants. Defendants are without knowledge and therefore, deny as to unserved Defendants.

28. Defendants admit that Plaintiff seeks to sue them in their official capacity and deny that Plaintiff is entitled to do so.

28. Defendants deny.

29. Defendants deny.

30. Defendants deny.

Defendants deny any and all allegations not specifically admitted herein.

## VII.  RELIEF

1. Defendants admit that Plaintiff seeks a declaratory judgment, punitive, compensatory and nominal damages, appointed counsel, and attorney fees. Defendants deny that Plaintiff is entitled to any relief, counsel or attorney fees.

## DEFENDANTS' DEFENSES

Plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. §1983 for violation of his Eighth Amendment rights.

Plaintiff fails to state a cause of action against Defendants.

Plaintiff fails to state a violation of any of his constitutional rights.

Plaintiff fails to state a claim for a constitutional injury.

Defendant are entitled to qualified immunity.

Defendants are entitled to Eleventh Amendment immunity to the extent they

are being sued in their official capacities.

Plaintiff's claims are barred by the Prison Litigation Reform Act 42 U.S.C. §1997e, because he failed to exhaust his administrative remedies.

Plaintiff cannot recover compensatory or punitive damages against Defendants in the absence of a physical injury caused by Defendants pursuant to 42 U.S.C. §1997e (e).

To the extent Plaintiff received any injuries, these injuries were the result of Plaintiff's own actions.

The actions taken by Defendants were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions so as to warrant recovery under 42 U.S.C. § 1983.

## DEMAND FOR JURY TRIAL

Defendants demand trial by jury on all issues so triable.

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

/s/Shirley Wilson Durham
Assistant Attorney General
Shirley Wilson Durham
Senior Assistant Attorney General
Florida Bar No.: 00993204
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee, Florida 32399-1050
(850) 414-3300 – Telephone
(850) 488-4872 – Facsimile

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail to: Jerald Gipson, DC# B00406, Suwannee Correctional Institution, 5964 US Highway 90, Live Oak, FL 32060, on this 5th day of December 2017.

/s/Shirley Wilson Durham
Shirley Wilson Durham
Senior Assistant Attorney General