

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JERALD GIPSON,
    DC #B00406
        Plaintiff,

Case No. 3:16-cv-236- MMH-MCR

v.

SERGEANT MARKHAM, et al.
        Defendants.
_____/

## DECLARATION OF FREDDIE PERRY

    I, Freddie Perry, Pursuant to 28 U.S.C. § 1746, make this declaration under penalty of perjury and declare that the statements made below are true and state:

1. In November of 2013, I was employed as a corrections officer by the Florida Department of Corrections at Suwannee Correctional Institutional and working as H Dorm Housing Officer.

2. I have reviewed the Amended Complaint in Case No: 3:16-cv-236-MMH/MCR and the allegations made by Inmate Jerald Gipson, DC#B00406, specifically pages 14-23. The allegations contained in the Fifth Amended Complaint on those pages are not true.

3. On November 20, 2013 at approximately 11:52 AM, while assigned to H-Dormitory Housing Officer, wrist restraints were applied to Inmate Gipson, Jerald DC# B06406. He attempted to pull the handcuffs into his cell stating that he was going to kill himself by jumping off of the sink head first with his cuffs applied.

4. After several verbal orders for Inmate to stop his physically resistant actions to attempt to pull the handcuffs into the cell. I maintained my hold on the rip tether. Inmate Gipson reluctantly complied with all orders given. Due to Inmates statements of self-harm while restrained and staff already maintaining a hold on the rip tether attached to the handcuffs the door was cycled open and Inmate escorted off the wing.

5. While escorting Inmate off the wing and awaiting the arrival of the hand held camera, Inmate became physically resistant while in the sally port between wing 3 and 4 attempting to break my custodial hold and snatch away from me.

6. I ordered Inmate multiple times to cease his actions to no avail, at this time the utilization of reactionary physical force was necessitated. I placed Inmate chest first against the H-dormitory wall of the group room of Quad 3 vestibule. In attempting to pin Inmate Gipson to the wall to overcome his physical resistance to all orders. I was unable to maintain my hold on Inmate Gipson while he continued his aggressive behavior towards me. I placed him chest down on the floor utilizing my bodyweight to subdue him.

7. Officer Russell arrived and assisted in pinning Inmate Gipson's legs to prevent him from kicking at staff. Once Inmate Gipson became compliant with all orders given, all force ceased.

8. Inmate Gipson was placed in secure cell H3-112 fully restrained until he could be removed from the cell to be evaluated for his declaration of a psychological emergency.

9. Officers Markham and Fogell were not involved in the use of force. Officer Fogell and Officer Pittman witnessed the use of force.

10. Inmate Gipson was given a disciplinary report for a violation of Fla. Admin. Code 33-601.314 section 6 subsection 1 disobeying a verbal or written order.

11. The foregoing facts are personally known by me to be true and correct. I am over the age of 18 and am competent to testify to such facts, and would so testify if I appeared in court as a witness at a trial regarding this matter. I declare under penalty of perjury that I have read the foregoing declaration and I confirm that the facts stated in it are true.

**FURTHER DECLARANT SAYETH NAUGHT**

*Freddie Perry*
Freddie Perry

2-22-2018
Date