

# FLORIDA DEPARTMENT OF CORRECTIONS
# OFFICE OF THE INSPECTOR GENERAL
# INQUIRY SUMMARY REPORT

| | | | |
|---|---|---|---|
| Classification of Incident: | Sexual Battery-Staff on Inmate | Case Number: | 15-23765 |
| Incident Date: | 10/03/2015 | Facility Code/Name: | 230/Suwannee CI |
| Date Assigned: | 10/08/2015 | Inspector Assigned: | Justin Bates |
| OCIG Case Number: | N/A | PREA Number: | 230150101 |
| Contains Protected Health Information: | Yes   X   No | | |

## PREDICATE:

On October 3, 2015, during the administration of an *ETO* at Suwannee Correctional Institution (*SWCI*) Inmate Gerald Gipson, DC# B00406 reported an unnamed officer stuck a finger in his rectum during a previous cell extraction.

This information was reported to the Office of Inspector General via *MINS* and assigned to Inspector Justin Bates for further investigation.

## PERSONS INFORMATION:

| Name | Title | ID/DC # | Complainant/Witness/Other |
|---|---|---|---|
| Gerald Gipson | Inmate | B00406 | Complainant |

## JUSTIFICATION FOR CLOSURE:

| | | | | | |
|---|---|---|---|---|---|
| | SAO Declined Prosecution | ASA Name | | Date | |
| | Video Disproved Allegation (Video Reviewed by an OIG Employee and Retained in Case File) | | | | |
| | Inmate on Inmate Battery Which Constitutes Affray or Mutual Combat | | | | |
| | Inmate Possession of a Cellular Phone | | | | |
| | Inmate Possession of a Weapon not Involving a Violent Crime or Firearm | | | | |
| | Victim Declined to Participate/Withdrew/Recanted/Pursue Criminally (Refusal Witnessed by an OIG Employee) | | | | |
| | Conduct Alleged Was Lawful or Pursuant to Procedure or Administrative Rule | | | | |
| X | Lack of Credible or Factual Information/Evidence to Support the Allegation | | | | |
| X | Suspect Staff Was Not Present or On-Duty | | | | |
| | Incident Referred to Management to handle in accordance with F.A.C. Rule (*Explanation in Summary*) | | | | |
| | Complaint Referred to Outside Law Enforcement with No Investigative Assist Required | | | | |
| | Previously Investigated by Outside Office of the Inspector General | | Case No.: | | |
| | Previously Investigated or Addressed by OIG | | Case No.: | | |
| | Investigative Assist Closed/Outside Law Enforcement Case Closed | | Case No.: | | |

Report # 15-23765        Page **1** of 2

 

# FLORIDA DEPARTMENT OF CORRECTIONS
## OFFICE OF THE INSPECTOR GENERAL
### INQUIRY SUMMARY REPORT

**ALLEGED VIOLATION(S):** Sexual Battery-Staff on Inmate

**SUMMARY OF FINDINGS:**

On April 12, 2016, a recorded interview was conducted with Gipson at Union Correctional Institution (*UCI*) in reference to this complaint. Gipson alleged that during a cell extraction, a black officer whom he cannot name pulled his pants down and put a finger in his rectum. Gipson couldn't provide any other details about this allegation.

A check of CDC revealed the last cell extraction that was utilized on Gipson at *SWCI* was conducted after this allegation was made, on October 23, 2015. Prior to that a cell extraction was used on January 15, 2015. Both of those were for the purpose of administering an *ETO* shot. A check of those uses of force showed all of the officers involved were Caucasian and no black officers were present. Also, the *UOF* videos and documentation was reviewed and nothing was noted as Gipson alleged.

Based on these findings, this complaint will be closed unfounded.

Disciplinary Report Issued _____ Yes __X__ No   Disciplinary Report Number: _____

During the course of this inquiry, based on the information obtained it is the recommendation of this inspector this inquiry (s) be addressed in the following manner:

**RECOMMENDATIONS:**

|   | |
|---|---|
|   | Initiate an Administrative Investigation |
|   | Initiate a Criminal Investigation |
|   | Close Inquiry/not PREA Related |
| X | Close Inquiry/PREA/Unfounded |
|   | Closed Inquiry/PREA/Exceptionally Cleared |

PREA ONLY: Victim's Notification of Findings:   Method:   Verbal   Date:   04/12/2016

I, Inspector Justin Bates, do hereby swear or affirm, under penalty of perjury:

- That I have read the foregoing document and, to the best of my knowledge, information, and belief, the facts stated therein are true and accurate.

Report # 15-23765        Page **2** of **2**




**FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF THE INSPECTOR GENERAL
INQUIRY SUMMARY REPORT**

Reporting Inspector: Justin Bates

Date: 04/24/2016




# FLORIDA DEPARTMENT OF CORRECTIONS
# OFFICE OF THE INSPECTOR GENERAL
# INQUIRY SUMMARY REPORT

| | | | |
|---|---|---|---|
| Classification of Incident: | Sexual Battery | Case Number: | 15-25108 |
| Incident Date: | October 22, 2015 | Facility Code/Name: | 230/Suwannee CI |
| Date Assigned: | March 1, 2016 | Inspector Assigned: | Jason Vann |
| OCIG Case Number: | N/A | PREA Number: | 230150121 |

Contains Protected Health Information: _____ Yes   X   No

## PREDICATE:
On October 22, 2015, Suwannee Correctional Institution (*SWCI*) personnel received a complaint from Inmate Gerald Gipson DC# B00406, in which he alleged to have been sexually battered by Officer Kevin Renninger. Inmate Gipson gave no other details of the incident. The Emergency Action Center assigned this allegation PREA# 230150121.

This information was reported to the Office of Inspector General and assigned to Inspector Randy Henderson on October 26, 2015, as an Inquiry. On March 1, 2016, it was reassigned to Inspector Jason Vann.

## PERSONS INFORMATION:

| Name | Title | ID/DC # | Complainant/Witness/Other |
|---|---|---|---|
| Gerald Gipson | Inmate | B00406 | Complainant |
| Kevin Renninger | Officer | | Subject |

## JUSTIFICATION FOR CLOSURE:

| | | | | | |
|---|---|---|---|---|---|
| | SAO Declined Prosecution | ASA Name | | Date | |
| | Video Disproved Allegation (Video Reviewed by an OIG Employee and Retained in Case File) | | | | |
| | Inmate on Inmate Battery Which Constitutes Affray or Mutual Combat | | | | |
| | Inmate Possession of a Cellular Phone | | | | |
| | Inmate Possession of a Weapon not Involving a Violent Crime or Firearm | | | | |
| X | Victim Declined to Participate/Withdrew/Recanted/Pursue Criminally (Refusal Witnessed by an OIG Employee) | | | | |
| | Conduct Alleged Was Lawful or Pursuant to Procedure or Administrative Rule | | | | |
| X | Lack of Credible or Factual Information/Evidence to Support the Allegation | | | | |
| | Suspect Staff Was Not Present or On-Duty | | | | |
| | Incident Referred to Management to handle in accordance with F.A.C. Rule (*Explanation in Summary*) | | | | |
| | Complaint Referred to Outside Law Enforcement with No Investigative Assist Required | | | | |

Report # 15-25108        (11/16/2015)        Page **1** of **2**

 

# FLORIDA DEPARTMENT OF CORRECTIONS
# OFFICE OF THE INSPECTOR GENERAL
# INQUIRY SUMMARY REPORT

|   | | Case No.: |
|---|---|---|
|   | Previously Investigated by Outside Office of the Inspector General | Case No.: |
|   | Previously Investigated or Addressed by OIG | Case No.: |
|   | Investigative Assist Closed/Outside Law Enforcement Case Closed | Case No.: |

**ALLEGED VIOLATION(S):** Sexual Battery

**SUMMARY OF FINDINGS:**

MINS 656428 indicates Gipson was the subject of a Cell Extraction on this date; however, Officer Renninger is not listed as a participant. In a recorded interview, Inmate Gipson claims he was sexually abuse by a "black" officer, on or about September 2, 2015, and never again or before, by any staff member. This unknown officer, allegedly digitally penetrated Gipson's rectum during a cell extraction.

Officer Renninger is Caucasian and is therefore excluded as a suspect in this allegation. There is no indication of a cell extraction of, or any staff contact with Gipson on September 2, 2015.

Disciplinary Report Issued _____ Yes __X__ No    Disciplinary Report Number: _____

During the course of this inquiry, based on the information obtained it is the recommendation of this inspector this inquiry (s) be addressed in the following manner:

**RECOMMENDATIONS:**

|   | Initiate an Administrative Investigation |
|---|---|
|   | Initiate a Criminal Investigation |
|   | Close Inquiry/not PREA Related |
| X | Close Inquiry/PREA/Unfounded |
|   | Closed Inquiry/PREA/Exceptionally Cleared |

PREA ONLY: Victim's Notification of Findings:   Method:   Verbal       Date:   6/15/16

I, Inspector Jason Vann, do hereby swear or affirm, under penalty of perjury:

- That I have read the foregoing document and, to the best of my knowledge, information, and belief, the facts stated therein are true and accurate.

Reporting Inspector:   Jason Vann                                        Date:   6/15/16

Report # 15-25108          (11/16/2015)          Page **2** of **2**

 

# FLORIDA DEPARTMENT OF CORRECTIONS
# OFFICE OF THE INSPECTOR GENERAL
# INQUIRY SUMMARY REPORT

| | | | |
|---|---|---|---|
| Classification of Incident: | Improper Conduct (*Sexual*) | Case Number: | 15-25350 |
| Incident Date: | 10/28/2015 | Facility Code/Name: | 230/ Suwannee CI |
| Date Assigned: | 12/6/2016 | Inspector Assigned: | Lee McGauley |
| OCIG Case Number: | N/A | PREA Number: | X230150127 |

Contains Protected Health Information: _____ Yes   X   No

**PREDICATE:**

On October 28, 2015, at Suwannee Correctional Institution (*SWCI*), Inmate Jerald Gipson DC# B00406 (*Gipson*), alleges Officer Harold Ramsey (*Ramsey*), sexually assaulted him while being escorted to the shower.

This information was reported to the Office of Inspector General on October 29, 2015, via *MINS* and assigned to Senior Inspector Aubrey Land on October 30, 2015, and re-assigned to Inspector Lee McGauley on December 6, 2016, for further investigation.

**PERSONS INFORMATION:**

| Name | Title | ID/DC # | Complainant/Witness/Other |
|---|---|---|---|
| Harold Ramsey | Officer | 59671 | Subject |
| Jerald Gipson | Inmate | B00406 | Victim |

**JUSTIFICATION FOR CLOSURE:**

| | | | | | |
|---|---|---|---|---|---|
| | SAO Declined Prosecution | ASA Name | | Date | |
| | Video Disproved Allegation (Video Reviewed by an OIG Employee and Retained in Case File) | | | | |
| | Inmate on Inmate Battery Which Constitutes Affray or Mutual Combat | | | | |
| | Inmate Possession of a Cellular Phone | | | | |
| | Inmate Possession of a Weapon not Involving a Violent Crime or Firearm | | | | |
| | Victim Declined to Participate/Withdrew/Recanted/Pursue Criminally (Refusal Witnessed by an OIG Employee) | | | | |
| | Conduct Alleged Was Lawful or Pursuant to Procedure or Administrative Rule | | | | |
| | Lack of Credible or Factual Information/Evidence to Support the Allegation | | | | |
| | Suspect Staff Was Not Present or On-Duty | | | | |
| | Incident Referred to Management to handle in accordance with F.A.C. Rule (*Explanation in Summary*) | | | | |
| | Complaint Referred to Outside Law Enforcement with No Investigative Assist Required | | | | |
| | Previously Investigated by Outside Office of the Inspector General | | | Case No.: | |

Report # 15-25350 (11/16/2015)          Page **1** of **2**

 

# FLORIDA DEPARTMENT OF CORRECTIONS
## OFFICE OF THE INSPECTOR GENERAL
## INQUIRY SUMMARY REPORT

| X | Previously Investigated or Addressed by OIG | Case No.: | 14-15535 |
|---|---|---|---|
|   | Investigative Assist Closed/Outside Law Enforcement Case Closed | Case No.: |   |

**ALLEGED VIOLATION(S):** Improper Conduct (*Sexual*)

**SUMMARY OF FINDINGS:**

On December 19, 2016, upon reviewing IGIIS, these allegations were previously reported to the OIG and investigated by Inspector Vann (14-15535). This is a duplicate allegation.

Disciplinary Report Issued _____ Yes __X__ No   Disciplinary Report Number: _____

During the course of this inquiry, based on the information obtained it is the recommendation of this inspector this inquiry (s) be addressed in the following manner:

**RECOMMENDATIONS:**

|   | Initiate an Administrative Investigation |
|---|---|
|   | Initiate a Criminal Investigation |
| X | **Close Inquiry/not PREA Related** |
|   | Close Inquiry/PREA/Unfounded |
|   | Closed Inquiry/PREA/Exceptionally Cleared |

PREA ONLY: Victim's Notification of Findings:   Method: _____   Date: _____

I, Inspector Lee McGauley, do hereby swear or affirm, under penalty of perjury:

- That I have read the foregoing document and, to the best of my knowledge, information, and belief, the facts stated therein are true and accurate.

Reporting Inspector: Lee McGauley   Date: 12/19/2016

 

# FLORIDA DEPARTMENT OF CORRECTIONS
# OFFICE OF THE INSPECTOR GENERAL
# INQUIRY SUMMARY REPORT

| | | | |
|---|---|---|---|
| Classification of Incident: | 10L Improper Conduct (Sexual) | Case Number: | 15-25773 |
| Incident Date: | 11/04/15 | Facility Code/Name: | 213 / Union C.I. |
| Date Assigned: | 11/05/15 | Inspector Assigned: | Kevin Ortiz |
| OCIG Case Number: | N/A | PREA Number: | X230150139 |
| Contains Protected Health Information: | X Yes ___ No | | |

**PREDICATE:**

On 11/04/15, Inmate Gerald Gipson DC #B00406 alleged in a Witness Statement at Union C.I. that he was cell extracted for nothing on 10/29/15, and he was sexually abused in late November 2014. This was reported via MINS #0000658818 and assigned Inquiry #15-25773 to Inspector K. Ortiz on 11/05/15. PREA # 230150139 was assigned.

**PERSONS INFORMATION:**

| Name | Title | ID/DC # | Complainant/Witness/Other |
|---|---|---|---|
| Gerald Gipson | Inmate | DC #B00406 | Complainant/Victim |

**JUSTIFICATION FOR CLOSURE:**

| | | | | | |
|---|---|---|---|---|---|
| | SAO Declined Prosecution | ASA Name | | Date | |
| | Video Disproved Allegation (Video Reviewed by an OIG Employee and Retained in Case File) | | | | |
| | Inmate on Inmate Battery Which Constitutes Affray or Mutual Combat | | | | |
| | Inmate Possession of a Cellular Phone | | | | |
| | Inmate Possession of a Weapon not Involving a Violent Crime or Firearm | | | | |
| | Victim Declined to Participate/Withdrew/Recanted/Pursue Criminally (Refusal Witnessed by an OIG Employee) | | | | |
| | Conduct Alleged Was Lawful or Pursuant to Procedure or Administrative Rule | | | | |
| | Lack of Credible or Factual Information/Evidence to Support the Allegation | | | | |
| | Suspect Staff Was Not Present or On-Duty | | | | |
| | Incident Referred to Management to handle in accordance with F.A.C. Rule (*Explanation in Summary*) | | | | |
| | Complaint Referred to Outside Law Enforcement with No Investigative Assist Required | | | | |
| | Previously Investigated by Outside Office of the Inspector General | | | Case No.: | |
| X | Previously Investigated or Addressed by OIG | | | Case No.: | 15-25108 and/or 14-13601 |

Report # 15-25773 (11/16/2015)        Page **1** of 3




# FLORIDA DEPARTMENT OF CORRECTIONS
## OFFICE OF THE INSPECTOR GENERAL
### INQUIRY SUMMARY REPORT

|   | Investigative Assist Closed/Outside Law Enforcement Case Closed | Case No.: |   |
|---|---|---|---|

**ALLEGED VIOLATION(S):** 10L Improper Conduct (Sexual)

**SUMMARY OF FINDINGS:**

On 11/04/15, Inmate Gerald Gipson DC #B00406 alleged in a Witness Statement at Union C.I. that he was he was cell extracted for nothing on 10/29/15, and sexually abused in late November 2014

In a sworn recorded interview taken on 02/10/17, Inmate Jerald Gipson indicated the following:

    He wrote a witness statement on 10/29/15 concerning a cell extraction at Suwannee C.I. in H dormitory. *Note: The Corrections Data Center (CDC) indicates that Inmate Gipson was housed at Suwannee C.I. from 01/10/14 until being transferred to Union C.I. on 10/26/15.* He was housed in a cell alone, cell 3114. Right before shift was changing at 5:00 or 6:00, he was not fed his special diet tray. Sergeant Richard told him he would advise the next shift concerning his tray. Sergeant Robinson was conducting checks when he told Sergeant Robinson. Sergeant Robinson told him to shut the hell up, and to get off the door or a cell extraction team would be run. When Sergeant Robinson came back by he again notified him (Robinson) that he did not eat. Sergeant Robinson said he (Robinson) would run the extraction team. The extraction team came inside his cell. He was in the back of the cell because he was not going to let them jump on him like that. One of the extraction team members hit him on the head at least three or four times. Another staff member placed him on the ground, pulled his boxers down, and stuck a finger in his rectum. The entire incident was recorded on handheld video. Also, an inmate with the first name Michael in cell 3110 saw what happened.

    When asked what date the incident occurred he indicated that he checked his medical file and the file indicated the incident occurred on 12/2/2014. He did not recall how long he was penetrated for. He did not know the officer that did this. Just that it was a Black officer on the extraction team. He described the Black officer as approximately 6'4" or 6'5", weighed about 230 or 300 pounds, and had a little "afro." He did not know the post the officer worked. He could not describe the officer that hit him in the head. He did not recall if he had any visible injuries. He was escorted to medical by the extraction team. He did not report this for a year because he was in fear from staff. He came to Union in October 2015. When he got here he reported it right away. *Inmate Gipson received a Sexual Abuse Awareness Brochure.*

A review of IGIIS revealed in Investigation #15-25108, Inmate Gerald Gipson alleged on 10/22/15 at Suwannee Correctional Institution that he was sexually battered. In a recorded interview, Inmate Gipson alleged he was sexually abused by an unknown Black officer on or about 09/02/15, and never again or before by any staff member. The unknown Black officer digitally penetrated Inmate Gipson's rectum during a cell extraction. The investigation was assigned PREA #230150121.

A review of Management Notes Information Summary (MINS) in CDC revealed Inmate Jerald Gipson was not involved in any incidents on 12/02/14. Also, he was not involved in any cell extractions in Late November 2014. Inmate Gipson was housed in cell #H31141 from 08/26/14 through 10/04/14. *Note: Inmate Gipson has a*

Report # 15-25773 (11/16/2015)   Page **2** of **3**

 

# FLORIDA DEPARTMENT OF CORRECTIONS
# OFFICE OF THE INSPECTOR GENERAL
# INQUIRY SUMMARY REPORT

*mental health grade of 4.*

A review of IGIIS revealed in Investigation #14-13601, Inmate Gerald Gipson alleged on 10/04/14, he was sexually battered by an unknown staff member during a cell extraction. The staff member forcefully inserted a finger in his rectum. The investigation was assigned PREA #231140063.

Because Inmate Gipson's allegation was previously reported at Suwannee C.I. in both of the two above IG Case numbers and investigated, this incident should not have been assigned a PREA number.

Disciplinary Report Issued _____ Yes   X   No   Disciplinary Report Number: _____

During the course of this inquiry, based on the information obtained it is the recommendation of this inspector this inquiry (s) be addressed in the following manner:

**RECOMMENDATIONS:**

|   | |
|---|---|
|   | Initiate an Administrative Investigation |
|   | Initiate a Criminal Investigation |
| X | Close Inquiry/not PREA Related |
|   | Close Inquiry/PREA/Unfounded |
|   | Closed Inquiry/PREA/Exceptionally Cleared |

PREA ONLY: Victim's Notification of Findings:   Method:   N/A   Date: _____

I, Inspector Kevin Ortiz, do hereby swear or affirm, under penalty of perjury:

- That I have read the foregoing document and, to the best of my knowledge, information, and belief, the facts stated therein are true and accurate.

Reporting Inspector: Kevin Ortiz                                    Date: 02/14/17




# FLORIDA DEPARTMENT OF CORRECTIONS
# OFFICE OF THE INSPECTOR GENERAL
# INQUIRY SUMMARY REPORT

| | | | |
|---|---|---|---|
| Classification of Incident: | Sexual Battery | Case Number: | 15-29618 |
| Incident Date: | December 17, 2015 | Facility Code/Name: | 230/Suwannee CI |
| Date Assigned: | March 1, 2016 | Inspector Assigned: | Jason Vann |
| OCIG Case Number: | N/A | PREA Number: | 230150185 |

Contains Protected Health Information:  ____ Yes   X   No

### PREDICATE:
On December 17, 2015, Suwannee Correctional Institution (*SWCI*) personnel received a complaint from Inmate Gerald Gipson DC# B00406, in which he alleged to have been sexually battered during a *Cell Extraction*. Inmate Gipson claims he was digitally penetrated by an unnamed staff member during this incident. The Emergency Action Center assigned this allegation PREA# 230150185.

This information was reported to the Office of Inspector General and assigned to Inspector Randy Henderson on December 28, 2015, as an Inquiry. On March 1, 2016, it was reassigned to Inspector Jason Vann.

### PERSONS INFORMATION:

| Name | Title | ID/DC # | Complainant/Witness/Other |
|---|---|---|---|
| Gerald Gipson | Inmate | B00406 | Victim |
| Unknown | Officer | | Suspect |

### JUSTIFICATION FOR CLOSURE:

| | | | | | |
|---|---|---|---|---|---|
| | SAO Declined Prosecution | ASA Name | | Date | |
| | Video Disproved Allegation (Video Reviewed by an OIG Employee and Retained in Case File) | | | | |
| | Inmate on Inmate Battery Which Constitutes Affray or Mutual Combat | | | | |
| | Inmate Possession of a Cellular Phone | | | | |
| | Inmate Possession of a Weapon not Involving a Violent Crime or Firearm | | | | |
| | Victim Declined to Participate/Withdrew/Recanted/Pursue Criminally (Refusal Witnessed by an OIG Employee) | | | | |
| | Conduct Alleged Was Lawful or Pursuant to Procedure or Administrative Rule | | | | |
| X | Lack of Credible or Factual Information/Evidence to Support the Allegation | | | | |
| | Suspect Staff Was Not Present or On-Duty | | | | |
| | Incident Referred to Management to handle in accordance with F.A.C. Rule (*Explanation in Summary*) | | | | |
| | Complaint Referred to Outside Law Enforcement with No Investigative Assist Required | | | | |

Report # YY-XXXX (11/16/2015)     Page **1** of **2**




# FLORIDA DEPARTMENT OF CORRECTIONS
# OFFICE OF THE INSPECTOR GENERAL
# INQUIRY SUMMARY REPORT

|   | | Case No.: |
|---|---|---|
|   | Previously Investigated by Outside Office of the Inspector General | |
|   | Previously Investigated or Addressed by OIG | Case No.: |
|   | Investigative Assist Closed/Outside Law Enforcement Case Closed | Case No.: |

**ALLEGED VIOLATION(S):** Sexual Battery

**SUMMARY OF FINDINGS:**

In a recorded interview, Inmate Gipson claims he was sexually abused by a "black" officer, on or about September 2, 2015, and never again or before, by any staff member. This unknown officer, allegedly digitally penetrated Gipson's rectum during a cell extraction.

There is no indication of a cell extraction of, or any staff contact with Gipson on September 2, 2015. In fact, the only cell extractions in year 2015 in which Gipson was the subject were in January and October respectively. Participants of both of these cell extractions are all listed as Caucasian. Both of these cell extractions were video recorded, and a review of them reveals nothing similar to what Gipson alleges.

Disciplinary Report Issued _____ Yes   X   No   Disciplinary Report Number: _____

During the course of this inquiry, based on the information obtained it is the recommendation of this inspector this inquiry (s) be addressed in the following manner:

**RECOMMENDATIONS:**

|   | |
|---|---|
|   | Initiate an Administrative Investigation |
|   | Initiate a Criminal Investigation |
|   | Close Inquiry/not PREA Related |
| X | Close Inquiry/PREA/Unfounded |
|   | Closed Inquiry/PREA/Exceptionally Cleared |

PREA ONLY: Victim's Notification of Findings:   Method:   Verbal   Date:   6/15/16

I, Inspector Jason Vann, do hereby swear or affirm, under penalty of perjury:

- That I have read the foregoing document and, to the best of my knowledge, information, and belief, the facts stated therein are true and accurate.

Reporting Inspector:   Jason Vann   Date:   6/15/16

 

# FLORIDA DEPARTMENT OF CORRECTIONS
# OFFICE OF THE INSPECTOR GENERAL
# INQUIRY SUMMARY REPORT

DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT

**Reporting Institution:** Suwannee C. I.  **Incident Report Number:** 23u13-27026

**Reporting Employee:** Officer Chase Markham  **PREA Number:**

**Employee ID Number:** 69687  **Date of incident:** September 8, 2013

**Person(s) Involved:** Officers: Fredrick Perry, Brian Fogell  **Time of incident:** 3:55PM
Chase Markham  **Witness (es):**
Inmate: Gipson, Jerald DC# B00406

| | | | |
|---|---|---|---|
| Control Room Log Entry Made: | ☒ Yes ☐ No | Disciplinary Report Initiated: | ☒ Yes ☐ No |
| Inmate Placed in Confinement: | ☒ Yes ☐ No | Work Order Initiated: | ☐ Yes ☒ No |
| Duty Warden Notified: | ☒ Yes ☐ No Time: 4:09PM | MINS Initiated: | ☒ Yes ☐ No |
| EAC Notified: | ☒ Yes ☐ No Time: 4:14PM | Duty Officer Name: | Barnes |
| Supporting Documents Attached | YES | | |

**DETAILS OF INCIDENT:**
On September 8, 2013, at approximately 3:55PM, the utilization of reactionary physical force was necessitated as a result of inmate Gipson, Jerald DC# B00406, becoming combative and attempting to snatch away from Officer Freddie Perry. I assisted Officer Perry in un-restraining Inmate Gipson's right arm. Once inmates handcuff was removed and he ceased his actions all force ceased by me. A DC6-230, Use of Force report was initiated, completed and forwarded with supporting documentation.

**Officer Chase Markham**  _[signature: C. Markham]_  September 8, 2013
Reporting Employee's Name (Print)  Reporting Employee's Signature  Date

Shift Supervisor/ Department Head
**COMMENT:**
Reference Use of Force Incident Report submitted by Officer Freddie Perry on this date for further information relevant to this incident.

**Lieutenant John Wilson**  _[signature]_  September 8, 2013
Shift Supervisor's/ Department Head's Name (Print)  Supervisor's Signature  Date

**REVIEW:**
Refer to incident report # 23013-2702

**Major Ronny Morgan**  _[signature]_  9/8/13
Correctional Officer Chief's Name (Print)  Correctional Officer Chief's Signature  Date

**REVIEW:**
Refer to incident report # 23013-2702

**Warden Christopher P. Landrum**  _[signature: CP Landrum]_  9/9/13
Warden's Name (Print)  Warden's Signature  Date

DC6-210 (12/12)   Incorporated by Reference in Rule 33-602.210, F.A.C.   Page 1 of 2