# FLORIDA DEPARTMENT OF CORRECTIONS
## OFFICE OF THE INSPECTOR GENERAL
## INQUIRY SUMMARY REPORT

**PREDICATE:**

Suwannee Correctional Institution (*SWCI*) administrators received a formal grievance submitted by Inmate Jerald Gipson DC# B00406 wherein he alleges to have been sexually harassed by staff. SWCI personnel notified the Emergency Action Center (*EAC*) who assigned this incident PREA# 230130039.

This information was reported via MINS and assigned as to Inspector Jason Vann as an inquiry on September 19, 2013.

**SUMMARY OF INQUIRY:**

A copy of the submitted formal grievance was obtained and reviewed. Much of the writings were unintelligible and contained ramblings that ranged from Masons to declaring him and his sister were twins. However, Inmate Gipson did allege Officers Freddie Perry and Victor Nieves sexually harassed him on September 6, 2013.

A recorded interview of Inmate Gipson was conducted on September 19, 2013. During the interview, Inmate Gipson was offered and provided a Sexual Abuse Awareness form NI1-120. When questioned regarding the allegations, Inmate Gipson stated, "Officer Nieves ain't really harassing me, he just likes to play these sex games... the real issue is Officer Perry." Inmate Gipson went on to allege Officer Perry approached him at his cell door and questioned him regarding his sexual preference and claimed to know his family members. Inmate Gipson said Officer Perry remained at his cell door for an approximate thirty minutes staring at his genital area while uttering sexual innuendos. Inmate Gipson claims to have pled with Officer Perry to leave him alone and advised him he was not gay. However, Officer Perry remained at his cell door and continued the sexual references.

Inmate Gipson was referred back to his earlier allegation against Officer Nieves. Inmate Gipson replied, Officer Nieves often makes derogatory comments about his body or orders him to stand in sexually provocative positions. Inmate Gipson was asked whether any evidence or witnesses existed that may be able to substantiate his allegations. Inmate Gipson could provide none.

It should be noted, Inmate Gipson is assigned in H-Dormitory which generally houses inmates with psychiatric issues. This may explain the some of the ramblings found in the submitted grievance as well as the rambling nature of the interview.

**RECOMMENDATION:**

I recommend this Inquiry be closed without further action. Further investigation is unlikely to yield additional evidence to substantiate these allegations. No audio recording devices are in the area and there are no witnesses.

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF THE INSPECTOR GENERAL
INQUIRY SUMMARY REPORT

PREA [X] YES [ ] NO   PREA # <u>230140072</u>

**PREDICATE:**

On December 2, 2014, at Suwannee Correctional Institution (*SWCI*), Officer Racheal Hoffman-Ots reviewed a grievance from Inmate Jerald Gipson DC#B00406, alleging he was sexually assaulted by staff. Inmate Gipson alleged Officer Thomas Wainwright and Officer Harold Ramsey grabbed his nipples and commented they were hard, as he entered the shower cell. Both officers lust after Inmate Gipson while he is showering and made sexual comments about his nipples. Every time Officer Wainwright escorts Inmate Gipson to the showers or medical call outs, he asks him to show his butthole and when he told him to stop, Officer Wainwright threw him onto his head and jumped on him.

This information was reported to the Office of Inspector General via MINS and assigned to Inspector David S. Manning for Inquiry on December 3, 2014

**SUMMARY OF INQUIRY:**

On December 22, 2014, a recorded interview of Inmate Gipson was conducted; wherein, he indicated the following;

> Inmate Gipson made several unbelievable statements to include the fact; he had died because he had shot himself in the head. Inmate Gipson also mentioned his connection and family ties to the "Mafia." Inmate Gipson maintains Officers Wainwright and Ramsey continue to harasses him and make sexual comments and has groped him. Inmate Gipson was unable to provide the names of any witnesses, and stated the incident occurred several months ago.

It should be noted; Inmate Gipson is assigned in H-Dormitory which houses inmates with psychotic issues, and may explain some of the unbelievable statements, as well as, the rambling nature of the interview.

Due to the span of time between the alleged occurrence and the actual allegation, a review of the fixed-wing video could not be conducted. The recording capabilities of the dormitory only retain approximately 30 days of data and do not record audio

*Inmate Gipson was advised there was insufficient evidence to warrant further investigation at this time.*

**RECOMMENDATION:**

I recommend this Inquiry be closed without further action. Further investigation is unlikely to yield additional evidence to substantiate these allegations as there is no audio recordings in the area or witnesses.

Inquiry Number: 14-15535          Page **1** of 2

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF THE INSPECTOR GENERAL
INQUIRY SUMMARY REPORT

**DISPOSITION:**

- **UNFOUNDED**

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF THE INSPECTOR GENERAL
INQUIRY SUMMARY REPORT

PREA [X] YES [ ] NO PREA # <u>230140083 & 230140084</u>

**PREDICATE:**

On December 30, 2014, at Suwannee Correctional Institution (*SWCI*), Officer Michele Willforth reviewed several grievances from Inmate Jerald Gipson, DC# B00406 alleging Sergeant John Patten had been harassing him and had placed his hands on his penis.

Inmate Gipson also made allegations stating Officer AR made sexual threats to him and asked him to expose his butthole. PREA numbers, 230140083 and 230140084 were assigned in reference to Inmate Gipson's allegations.

This was reported to the Office of Inspector General via MINS on December 30, 2014, and assigned to Inspector Johnny Webb as an inquiry on December 31, 2014.

**SUMMARY OF INQUIRY:**

A sworn recorded interview was conducted on January 6, 2015; Inmate Gipson indicated the following:

> Inmate Gipson was taken out of his cell for a medical call out on an unknown date and time, and while in the medical room located in H-Dormitory, Sergeant Patten placed his hand over his clothed penis. There were no witnesses and Inmate Gipson could not remember the date or time the incident occurred.

> On December 23, 2014 at approximately 8:00 PM, Captain Janet Martin was making rounds and told Inmate Gipson to clean all of the Christmas cards off of his bunk. A short time later, an officer known to Inmate Gipson as "AR," stopped by his cell and again told him to clean off his bunk and said to him, fuck your mother, fuck your father, and fuck your grandmother.

Inmate Gipson was asked the following questions:

- Was he clothed when Sergeant Patten placed his hand on his penis and responded, "Yes."

- Were there any witnesses in reference to Sergeant Patten placing his hand on his penis and responded, "No."

- If he knew the date and time the incident occurred with Sergeant Patten and responded, "No."

- Were there any witnesses to what Officer AR had told him and responded, "No."

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF THE INSPECTOR GENERAL
INQUIRY SUMMARY REPORT

- Did Officer AR asked him to show him his butthole and responded, "I don't know what that is about."

During the interview, Inmate Gipson wanted to call cells; 3111, 3112, 3104, and 3107 as witnesses; however, he said they didn't hear the incident between him and Officer AR, but they could tell me what was going on with them. Inmate Gipson also could not get the dates right when the incident occurred and kept saying they happened on December 23, 2014, and then would say a different date later in the interview. The date reported in the grievance was December 21, 2014.

After the interview concluded, Inmate Gipson kept saying he was the chosen one over and over again and began making statements that he had died. Inmate Gipson is housed in H-Dormitory which houses inmates who has psychotic issues and a review of CDC showed he is a mental health grade 4.

*Inmate Tucker was advised there was insufficient evidence to warrant further investigation at this time, and that his allegations would be documented.*

RECOMMENDATION:

I recommend this Inquiry be closed without further action due to no witnesses or audio recordings, and it's unlikely to yield additional evidence to substantiate these allegations.

DISPOSITION:

- **UNFOUNDED**

Inquiry Number: 14-16775            Page **2** of **2**

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF THE INSPECTOR GENERAL
INQUIRY SUMMARY REPORT

PREA [X] YES [ ] NO PREA # <u>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</u>

**PREDICATE:**

On January 11, 2015, at Suwannee Correctional Institution (*SWCI*), Inmate Jerald Gibson, DC# B00406 was the subject of a cell extraction (*UOF 15-534*). During the cell extraction, Inmate Gibson alleged, "Someone put their finger in my ass and grabbed my penis and balls." This allegation was reported to the Emergency Action Center (*EAC*) and PREA # 230150003 was issued.

EAC notified on-call Supervisor Doug Glisson who notified on-call Inspector Darryl Cherry to respond to SWCI to investigate the PREA allegation. This information was also reported in MINS 596537.

**SUMMARY OF INQUIRY:**

I made contact with Captain Carlton McGee and Lieutenant John Wilson and a copy of the handheld recording of the cell extraction, incident reports, and medical assessment were obtained. I observed Inmate Gibson sleeping in cell H3-104, an SHOS cell due to him receiving an ETO (*Emergency Treatment Order*) injection following the cell extraction and was expected to remain asleep or incoherent until morning. Due to his being medicated in this manner, Inmate Gibson was not available to be interviewed.

Following the cell extraction, Inmate Gibson received a post UOF assessment and sexual battery medical assessment, which both identified no injury. Specifically, the post sexual battery assessment identified, "No injury to the anus, penis or testicles; denies pain to sites; and no evidence of injury to sites found." Inmate Gibson was given an ETO Injection at approximately 7:58 PM.

No suspect was identified and there was no physical evidence to collect, outside of the handheld recording of the cell extraction.

The handheld video recording was reviewed and the cell extraction team identified themselves and their responsibilities prior to entering Inmate Gibson's cell. Once inside the cell, Inmate Gibson was placed on the floor where he continued to struggle against the team members' efforts to restrain him. The team members' positioned inside the cell blocked the camera's view of Inmate Gibson, where only his feet and lower legs were visible. The visible portion of Inmate Gibson's legs was covered by his uniform pants which, from this angle, did not appear to be lowered; however, his knees are not visible. During the members' efforts to restrain Inmate Gibson, he made the statement, "Someone is putting their finger in my ass again." Inmate Gibson's pants are not seen to be removed; his anus, penis, nor testicles are visible in the recording. This video does not support, nor deny Inmate Gibson's claim of sexual battery.

During a sworn, recorded interview conducted on January 12, 2015, Inmate Gibson provided the following information:

Inquiry Number: 15-459           Page **1** of **2**

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF THE INSPECTOR GENERAL
INQUIRY SUMMARY REPORT

On January 11, 2015, during a cell extraction, Inmate Gibson was fighting with the members of the cell extraction team where he was put on his chest, on the floor, pulled his pants down to his knees, and placed their finger inside his rectum. When asked to identify the person who placed their finger in his rectum, Inmate Gibson described two suspects; an Italian officer with a small mustache, whose helmet strap came off, and the officer next to him. One officer placed their finger in Inmate Gibson's rectum and their finger remained inside there for five to seven seconds. The second officer grabbed Inmate Gibson's penis and testicles, but was unable to describe if these officers were the first, second, third, fourth, or fifth officer in the cell, and had no other evidence to provide.

Based on Inmate Gibson's description of the suspects, "The officer whose helmet strap came off, and the one next to him," Officer Tyler Brown (*helmet strap came off*) and Sergeant Robert Green (*standing next to him*) were identified as suspects. It should be noted, upon entering and exiting Inmate Gibson's cell, Officer Brown was wearing black protective gloves and Sergeant Green was wearing latex gloves.

During the interview of Inmate Gibson, I advised him, based on the lack of evidence to support his allegation, further investigation is not warranted at this time.

**RECOMMENDATION:**

Unfounded. Close Inquiry.

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF THE INSPECTOR GENERAL
INQUIRY SUMMARY REPORT

PREA [X] YES [ ] NO PREA # <u>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</u>

**PREDICATE:**

On January 11, 2015, at Suwannee Correctional Institution (*SWCI*), Inmate Jerald Gibson, DC# B00406 was the subject of a cell extraction (*UOF 15-534*). During the cell extraction, Inmate Gibson alleged, "Someone put their finger in my ass and grabbed my penis and balls." This allegation was reported to the Emergency Action Center (*EAC*) and PREA # 230150003 was issued.

EAC notified on-call Supervisor Doug Glisson who notified on-call Inspector Darryl Cherry to respond to SWCI to investigate the PREA allegation. This information was also reported in MINS 596537.

**SUMMARY OF INQUIRY:**

I made contact with Captain Carlton McGee and Lieutenant John Wilson and a copy of the handheld recording of the cell extraction, incident reports, and medical assessment were obtained. I observed Inmate Gibson sleeping in cell H3-104, an SHOS cell due to him receiving an ETO (*Emergency Treatment Order*) injection following the cell extraction and was expected to remain asleep or incoherent until morning. Due to his being medicated in this manner, Inmate Gibson was not available to be interviewed.

Following the cell extraction, Inmate Gibson received a post UOF assessment and sexual battery medical assessment, which both identified no injury. Specifically, the post sexual battery assessment identified, "No injury to the anus, penis or testicles; denies pain to sites; and no evidence of injury to sites found." Inmate Gibson was given an ETO Injection at approximately 7:58 PM.

No suspect was identified and there was no physical evidence to collect, outside of the handheld recording of the cell extraction.

The handheld video recording was reviewed and the cell extraction team identified themselves and their responsibilities prior to entering Inmate Gibson's cell. Once inside the cell, Inmate Gibson was placed on the floor where he continued to struggle against the team members' efforts to restrain him. The team members' positioned inside the cell blocked the camera's view of Inmate Gibson, where only his feet and lower legs were visible. The visible portion of Inmate Gibson's legs was covered by his uniform pants which, from this angle, did not appear to be lowered; however, his knees are not visible. During the members' efforts to restrain Inmate Gibson, he made the statement, "Someone is putting their finger in my ass again." Inmate Gibson's pants are not seen to be removed; his anus, penis, nor testicles are visible in the recording. This video does not support, nor deny Inmate Gibson's claim of sexual battery.

During a sworn, recorded interview conducted on January 12, 2015, Inmate Gibson provided the following information:

Inquiry Number: 15-459             Page **1** of **2**

## FLORIDA DEPARTMENT OF CORRECTIONS
## OFFICE OF THE INSPECTOR GENERAL
## INQUIRY SUMMARY REPORT

On January 11, 2015, during a cell extraction, Inmate Gibson was fighting with the members of the cell extraction team where he was put on his chest, on the floor, pulled his pants down to his knees, and placed their finger inside his rectum. When asked to identify the person who placed their finger in his rectum, Inmate Gibson described two suspects; an Italian officer with a small mustache, whose helmet strap came off, and the officer next to him. One officer placed their finger in Inmate Gibson's rectum and their finger remained inside there for five to seven seconds. The second officer grabbed Inmate Gibson's penis and testicles, but was unable to describe if these officers were the first, second, third, fourth, or fifth officer in the cell, and had no other evidence to provide.

Based on Inmate Gibson's description of the suspects, "The officer whose helmet strap came off, and the one next to him," Officer Tyler Brown (*helmet strap came off*) and Sergeant Robert Green (*standing next to him*) were identified as suspects. It should be noted, upon entering and exiting Inmate Gibson's cell, Officer Brown was wearing black protective gloves and Sergeant Green was wearing latex gloves.

During the interview of Inmate Gibson, I advised him, based on the lack of evidence to support his allegation, further investigation is not warranted at this time.

**RECOMMENDATION:**

Unfounded. Close Inquiry.

# FLORIDA DEPARTMENT OF CORRECTIONS
# OFFICE OF THE INSPECTOR GENERAL
# INVESTIGATIVE REPORT

**PREDICATE:**

On January 13, 2015, at Suwannee Correctional Institution (*SWCI*), MINS 596929 was entered stating "IG 14-16775, this incident was assigned (2) PREA numbers by Emergence Action Center. Inmate Gipson made allegations that Officer Patten will not stop harassing him."

This information was reported to the Office of Inspector General via MINS and assigned to Inspector David Manning for investigation on January 14, 2015.

PREA numbers: 230140083 and 230140084

**NARRATIVE:**

Research of this allegation revealed, Inspector Johnny Webb conducted an Inquiry into these allegations in OIG 14-16775 and recommended; closed with a disposition of UNFOUNDED, based on no witnesses or evidence to support Inmate Gipson's allegations.

An attempt was made to interview Inmate Gipson concerning this allegation and he refused to participate by stating he has already talked to Inspectors about this incident and is not having any problems with staff.

This is an error reporting of the same allegations and it is recommended this case be closed as a duplicate reporting, with a disposition of UNFOUNDED.




# FLORIDA DEPARTMENT OF CORRECTIONS
# OFFICE OF THE INSPECTOR GENERAL
# INQUIRY SUMMARY REPORT

| | | | |
|---|---|---|---|
| Classification of Incident: | Sexual Harassment/ Staff on Inmate | Case Number: | 15-21408 |
| Incident Date: | Unknown | Facility Code/Name: | 230/ Suwannee MU |
| Date Assigned: | 9/14/2015 | Inspector Assigned: | Brad Howard |
| OCIG Case Number: | N/A | PREA Number: | 230150084 |

Contains Protected Health Information:  ___ Yes   _X_ No

**PREDICATE:**

On September 9, 2015, at Suwannee Correctional Institution (*SWCI*), a grievance was received from Inmate Jerald Gipson, DC# B00406 alleging Officer Duane Cherry is sexually harassing him and he was sexually assaulted by Officers Cherry, Patton, and Carter. The officers are always making comments of a sexual nature to Inmate Gipson.

This information was reported to the Office of Inspector General via Management Information Notification System (*MINS*) and assigned to Inspector Brad Howard as an Inquiry on September 14, 2015.

**PERSONS INFORMATION:**

| Name | Title | ID/DC # | Complainant/Witness/Other |
|---|---|---|---|
| Jerald Gipson | Inmate | B00406 | Victim |
| Duane Cherry | Officer | 69133 | Subject |
| John Patten | Officer | 58171 | Subject |
| Jeffrey Carter | Officer | 73973 | Subject |
| John Greene | Lieutenant | 8228 | Subject |
| | | | |

**JUSTIFICATION FOR CLOSURE:**

| | | | | | |
|---|---|---|---|---|---|
| | SAO Declined Prosecution | ASA Name | | Date | |
| | Video Disproved Allegation (Video Reviewed by an OIG Employee and Retained in Case File) ||||| 
| | Inmate on Inmate Battery Which Constitutes Affray or Mutual Combat |||||
| | Inmate Possession of a Cellular Phone |||||
| | Inmate Possession of a Weapon not Involving a Violent Crime or Firearm |||||

Report # 15-21408 (09/04/2015)     Page **1** of **3**




# FLORIDA DEPARTMENT OF CORRECTIONS
## OFFICE OF THE INSPECTOR GENERAL
## INQUIRY SUMMARY REPORT

|   | Victim Declined to Participate/Withdrew/Recanted/Pursue Criminally (Refusal Witnessed by an OIG Employee) |   |   |
|---|---|---|---|
|   | Conduct Alleged Was Lawful or Pursuant to Procedure or Administrative Rule |   |   |
| X | **Lack of Credible or Factual Information/Evidence to Support the Allegation** |   |   |
|   | Suspect Staff Was Not Present or On-Duty |   |   |
|   | Incident Referred to Management to handle in accordance with F.A.C. Rule (*Explanation in Summary*) |   |   |
|   | Complaint Referred to Outside Law Enforcement with No Investigative Assist Required |   |   |
|   | Previously Investigated by Outside Office of the Inspector General | Case No.: |   |
|   | Previously Investigated or Addressed by OIG | Case No.: |   |
|   | Investigative Assist Closed/Outside Law Enforcement Case Closed | Case No.: |   |

**ALLEGED VIOLATION(S):** Improper Conduct/ Sexual

**SUMMARY OF FINDINGS:**

Inmate Gipson was interviewed and refused to provide a sworn statement.

> Inmate Gipson alleged nearly all security staff members assigned to H-Dormitory, have been playing sexual games with him since he has been housed in the dormitory. Inmate Gipson further alleged numerous staff members have touched him in a sexual manner while applying restraints. Specifically, when staff members apply restraints, they rub his hands or touch his buttocks. Staff have made sexual comments or solicited him for sex. Although, Inmate Gipson alleged almost all staff assigned to H-Dormitory have harassed him, he named Officers Duane Cherry, John Patton, Jeffrey Carter, Lieutenant John Greene, and an officer referred to as "No"; being involved in incidents of sexual harassment.

> Inmate Gipson detailed several incidents of harassment and sexual touching but, provided no specific dates or times and no witnesses or evidence to support his claims. Inmate Gipson indicated he sustained no injury as a result of the alleged harassment or sexual touching.

> Inmate Gipson indicated he had been the victim of sexual battery at the hands of staff on two prior occasions at SWCI during Use of Force (*UOF*) events and testified those incidents were reported and previously addressed by Inspector Jason Vann.

A review of the Inspector General Investigative and Intelligence System (*IGIIS*) confirmed Inmate Gipson made two prior allegations of sexual battery which were assigned to Inspector Vann for investigation (*15-459 & 15-13601*). IGIIS 15-459 was closed as Unfounded and IGIIS 15-13601 remains open at this time.

*On September 29, 2015, Inmate Gipson was verbally advised there is insufficient evidence to warrant further investigation at this time.*

Disciplinary Report Issued _____ Yes _____ No    Disciplinary Report Number: _____

Report # 15-21408 (09/04/2015)         Page **2** of **3**

 

# FLORIDA DEPARTMENT OF CORRECTIONS
# OFFICE OF THE INSPECTOR GENERAL
# INQUIRY SUMMARY REPORT

During the course of this inquiry, based on the information obtained it is the recommendation of this inspector this inquiry (s) be addressed in the following manner:

**RECOMMENDATIONS:**

|   | |
|---|---|
|   | Initiate an Administrative Investigation |
|   | Initiate a Criminal Investigation |
|   | Close Inquiry |
| X | **Close Inquiry/PREA/Unfounded** |
|   | Closed Inquiry/PREA/Exceptionally Cleared |

PREA ONLY: Victim's Notification of Findings:   Method:   Verbal            Date:   9/29/2015

I, Inspector Brad Howard, do hereby swear or affirm, under penalty of perjury:

- That I have read the foregoing document and, to the best of my knowledge, information, and belief, the facts stated therein are true and accurate.

Reporting Inspector:   Brad Howard                                              Date:   9/30/2015

Report # 15-21408 (09/04/2015)        Page **3** of **3**




# FLORIDA DEPARTMENT OF CORRECTIONS
# OFFICE OF THE INSPECTOR GENERAL
# INQUIRY SUMMARY REPORT

| | | | |
|---|---|---|---|
| Classification of Incident: | Sexual Harassment/ Staff on Inmate | Case Number: | 15-21408 |
| Incident Date: | Unknown | Facility Code/Name: | 230/ Suwannee MU |
| Date Assigned: | 9/14/2015 | Inspector Assigned: | Brad Howard |
| OCIG Case Number: | N/A | PREA Number: | 230150084 |

Contains Protected Health Information:  _____ Yes   X   No

**PREDICATE:**

On September 9, 2015, at Suwannee Correctional Institution (*SWCI*), a grievance was received from Inmate Jerald Gipson, DC# B00406 alleging Officer Duane Cherry is sexually harassing him and he was sexually assaulted by Officers Cherry, Patton, and Carter. The officers are always making comments of a sexual nature to Inmate Gipson.

This information was reported to the Office of Inspector General via Management Information Notification System (*MINS*) and assigned to Inspector Brad Howard as an Inquiry on September 14, 2015.

**PERSONS INFORMATION:**

| Name | Title | ID/DC # | Complainant/Witness/Other |
|---|---|---|---|
| Jerald Gipson | Inmate | B00406 | Victim |
| Duane Cherry | Officer | 69133 | Subject |
| John Patten | Officer | 58171 | Subject |
| Jeffrey Carter | Officer | 73973 | Subject |
| John Greene | Lieutenant | 8228 | Subject |
| | | | |

**JUSTIFICATION FOR CLOSURE:**

| | | | | | |
|---|---|---|---|---|---|
| | SAO Declined Prosecution | ASA Name | | Date | |
| | Video Disproved Allegation (Video Reviewed by an OIG Employee and Retained in Case File) |||||
| | Inmate on Inmate Battery Which Constitutes Affray or Mutual Combat ||||||
| | Inmate Possession of a Cellular Phone ||||||
| | Inmate Possession of a Weapon not Involving a Violent Crime or Firearm ||||||

Report # 15-21408 (09/04/2015)          Page **1** of **3**




# FLORIDA DEPARTMENT OF CORRECTIONS
## OFFICE OF THE INSPECTOR GENERAL
## INQUIRY SUMMARY REPORT

|   | Victim Declined to Participate/Withdrew/Recanted/Pursue Criminally (Refusal Witnessed by an OIG Employee) |   |   |
|---|---|---|---|
|   | Conduct Alleged Was Lawful or Pursuant to Procedure or Administrative Rule |   |   |
| X | **Lack of Credible or Factual Information/Evidence to Support the Allegation** |   |   |
|   | Suspect Staff Was Not Present or On-Duty |   |   |
|   | Incident Referred to Management to handle in accordance with F.A.C. Rule (*Explanation in Summary*) |   |   |
|   | Complaint Referred to Outside Law Enforcement with No Investigative Assist Required |   |   |
|   | Previously Investigated by Outside Office of the Inspector General | Case No.: |   |
|   | Previously Investigated or Addressed by OIG | Case No.: |   |
|   | Investigative Assist Closed/Outside Law Enforcement Case Closed | Case No.: |   |

**ALLEGED VIOLATION(S):** Improper Conduct/ Sexual

**SUMMARY OF FINDINGS:**

Inmate Gipson was interviewed and refused to provide a sworn statement.

> Inmate Gipson alleged nearly all security staff members assigned to H-Dormitory, have been playing sexual games with him since he has been housed in the dormitory. Inmate Gipson further alleged numerous staff members have touched him in a sexual manner while applying restraints. Specifically, when staff members apply restraints, they rub his hands or touch his buttocks. Staff have made sexual comments or solicited him for sex. Although, Inmate Gipson alleged almost all staff assigned to H-Dormitory have harassed him, he named Officers Duane Cherry, John Patton, Jeffrey Carter, Lieutenant John Greene, and an officer referred to as "No"; being involved in incidents of sexual harassment.
>
> Inmate Gipson detailed several incidents of harassment and sexual touching but, provided no specific dates or times and no witnesses or evidence to support his claims. Inmate Gipson indicated he sustained no injury as a result of the alleged harassment or sexual touching.
>
> Inmate Gipson indicated he had been the victim of sexual battery at the hands of staff on two prior occasions at SWCI during Use of Force (*UOF*) events and testified those incidents were reported and previously addressed by Inspector Jason Vann.

A review of the Inspector General Investigative and Intelligence System (*IGIIS*) confirmed Inmate Gipson made two prior allegations of sexual battery which were assigned to Inspector Vann for investigation (*15-459 & 15-13601*). IGIIS 15-459 was closed as Unfounded and IGIIS 15-13601 remains open at this time.

*On September 29, 2015, Inmate Gipson was verbally advised there is insufficient evidence to warrant further investigation at this time.*

Disciplinary Report Issued _____ Yes _____ No    Disciplinary Report Number: _____

Report # 15-21408 (09/04/2015)        Page **2** of **3**

 

# FLORIDA DEPARTMENT OF CORRECTIONS
# OFFICE OF THE INSPECTOR GENERAL
# INQUIRY SUMMARY REPORT

During the course of this inquiry, based on the information obtained it is the recommendation of this inspector this inquiry (s) be addressed in the following manner:

**RECOMMENDATIONS:**

|   |   |
|---|---|
|   | Initiate an Administrative Investigation |
|   | Initiate a Criminal Investigation |
|   | Close Inquiry |
| X | **Close Inquiry/PREA/Unfounded** |
|   | Closed Inquiry/PREA/Exceptionally Cleared |

PREA ONLY: Victim's Notification of Findings:   Method:   Verbal        Date:   9/29/2015

I, Inspector Brad Howard, do hereby swear or affirm, under penalty of perjury:

- That I have read the foregoing document and, to the best of my knowledge, information, and belief, the facts stated therein are true and accurate.

Reporting Inspector:   Brad Howard                                              Date:   9/30/2015

Report # 15-21408 (09/04/2015)        Page 3 of 3