**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JERALD GIPSON,

    Plaintiff,

vs.                                    Case No.: 3:16-cv-236-J-34MCR

SERGEANT C. MARKHAM, et al.,

    Defendants.
_____/

## ORDER

This case is before the Court on Defendants Sergeant C. Markham's, Officer Perry's, and Officer Fogell's Motion for Summary Judgment. (Doc. 65; Motion). Plaintiff Jerald Gipson has filed a response in opposition to the Motion. (Doc. 79; Response). Gipson is a prisoner in the custody of the Florida Department of Corrections. In his Fifth Amended Complaint (Doc. 59; FAC), Gipson raises several claims arising out of a use-of-force incident that occurred at Suwannee Correctional Institution on November 20, 2013. In the Motion Defendants argue, among other things, that they are entitled to summary judgment because Gipson failed to exhaust his administrative remedies and because the record and the undisputed facts show that Gipson's excessive force claims fail as a matter of law. Gipson counters that summary judgment would be premature because despite his efforts, he has not had an adequate opportunity to conduct discovery. Response at 13-15.

1

Upon careful review of the Motion, the Response, and the Court record, the Court determines that Defendants' Motion should be denied without prejudice until Gipson has had an opportunity to conduct discovery. Rule 56(d) of the Federal Rules of Civil Procedure (Rule(s)) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to the motion for summary judgment], the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).[1] Additionally, the Eleventh Circuit instructs that

> summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery.... If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

Snook v. Trust Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988) (internal citations omitted).

---

[1] The Court notes that before December 1, 2010, the substance of Rule 56(d) was found in Rule 56(f). However, the Rule did not undergo any substantive changes. See Advisory Committee Notes to the 2010 amendments ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."). As such, case law analyzing the former Rule 56(f) instructs the Court's analysis.

2

Here, Gipson lists seven discovery requests that so far have gone unanswered, and urges that to permit him to "undertake a course of meaningful discovery" the Court should: (1) require the Defendants to respond to his discovery requests; (2) allow Gipson to access video recordings of the use-of-force incident; (3) allow Gipson to access medical reports of his injuries; (4) allow Gipson to depose several inmate witnesses; (5) allow Gipson to depose the Defendants; (6) allow Gipson to serve process on Officer Jeremy Pittman[2]; and (7) allow Gipson to obtain a copy of his own deposition. Id. at 15. Gipson asserts that he has sought discovery from Defendants to no avail, id. at 13, and in support Gipson attached discovery requests to which Defendants never responded (Doc. 79-2; Pro Se Discovery Requests). Additionally, Gipson's attorney filed an affidavit as required by Rule 56(d), in which he avers the need for additional discovery to meaningfully respond to the Motion, and in which he identifies the same seven requests listed above. (Doc. 79-3; Declaration of James Cook).

Several of the discovery items which Gipson seeks appear to be entirely reasonable and relevant to the issues raised in Defendants' Motion. For starters, Defendants assert that the amount of force they used to subdue Gipson on November 20, 2013, was not

---

[2] On March 15, 2018, the Court dismissed the claims against Officer Pittman without prejudice because of Gipson's failure to serve him with the complaint. (Doc. 67; Order Dismissing Claims Against Officers Pittman and Bryan Without Prejudice).

so excessive as to violate the Eighth Amendment. Motion at 15-17. Gipson's requests for the medical records of his injuries, the video recordings of the use-of-force incident, and a deposition of the Defendants are relevant because each has a reasonable likelihood of revealing facts about whether or not the Defendants' use of force was in fact excessive. Indeed, Defendants' Motion and exhibits reflect the existence of fixed wing and handheld video evidence of the use-of-force incident. Motion at 5, ¶ 3; (Doc. 65-1; Defendants' Exhibit A at 1, ¶5); (Doc. 65-2; Defendants' Exhibit B at 1, ¶5); (Doc. 65-7; Defendants' Exhibit F at 1, 10, 11, 12, 14); accord Response at 4, ¶ 6. Despite references to the videos, Defendants have neither submitted the footage for the Court's review nor have they shared the videos with Gipson.

Moreover, Defendants assert that Gipson's injuries are inconsistent with his allegation that Officer Perry repeatedly kicked and punched him. Motion at 17. Gipson alleges that he suffered a broken jaw, FAC at 17, ¶ 12, whereas Defendants contend that Gipson's injuries consisted of "a laceration to his right lower mandibular palette and an abraised area to the right wrist," Motion at 6, ¶ 9. The medical records of Gipson's injuries are relevant to this issue because they will reflect what injuries Gipson actually suffered. In turn, the extent of Gipson's injuries bears on "'whether the use of force could plausibly have been thought necessary' in a particular situation," and "provide[s] some

4

indication of the amount of force applied." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (citations omitted). Nevertheless, Defendants failed to attach the correct medical record to the Motion. Defendants instead attached the medical record from a previous, unrelated use-of-force incident that occurred on September 8, 2013. (See Doc. 65-12; Defendants' Exhibit K). Defendants did not provide the medical record from the November 20, 2013, use-of-force incident.

Additionally, while Gipson was pro se, he submitted a number of interrogatories and requests for production of documents regarding the use-of-force incident and his alleged resulting injuries. (Doc. 79-2; Pro Se Discovery Requests). Gipson should be able to obtain responses to interrogatories and requests for production that are reasonably tailored and in compliance with the Rules. Thus, while the Court will not require Defendants to respond to the interrogatories and requests for production prepared and served by Gipson acting pro se, the Court will permit Gipson's counsel to serve interrogatories and requests for production on Defendants and will order Defendants to respond.

While Gipson has identified certain records that he may validly pursue in discovery, the Court cannot at this time recognize all of his requests under Rule 56(d). Gipson's fourth request is "to depose the several inmate witnesses he names." Response at 15. A party must obtain leave of the Court to depose a witness who "is

5

confined in prison." Fed. R. Civ. P. 30(a)(2)(B). If Gipson wishes to depose any inmate witness, he should file a motion seeking leave of Court to depose such a witness, and to explain what information he believes to gain from that witness. Gipson's sixth request is to serve Officer Jeremy Pittman, but this request does not relate to obtaining adequate discovery to respond to the Motion for Summary Judgment. Finally, Gipson's seventh request is to obtain a copy of his own deposition, but there is nothing preventing Gipson from obtaining a copy of his deposition on his own. As such, the Court will not grant Gipson's fourth, sixth and seventh discovery requests. With respect to his fourth request, the Court will require Gipson to move for leave of Court to depose any inmate witness before he does so.

That having been said, the record is insufficiently complete to allow the Court to decide Defendants' Motion for Summary Judgment. Rule 56(d) entitles Gipson to adequate discovery before the Court considers Defendants' Motion. Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motion for Summary Judgment (Doc. 65) is **DENIED WITHOUT PREJUDICE** to Defendants renewing the Motion after a reasonable period for discovery.

2. Before Defendants renew their Motion for Summary Judgment, Defendants shall:

6

> a. Respond to interrogatories and requests for production of documents to the extent that Gipson's counsel serves such interrogatories and requests under Rule 33 and Rule 34;
> b. Give Gipson access to the handheld video and fixed wing video recordings of the November 20, 2013, use-of-force incident;
> c. Provide Gipson with any and all medical reports related to the November 20, 2013, use-of-force incident; and
> d. Permit Gipson to depose the Defendants.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of July, 2018.

MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies to:

Counsel of record

Plaintiff

7